| | |
|---|---|
| **MAYER BROWN LLP** | **LITTLER MENDELSON, P.C.** |
| Donald M. Falk (SBN 150256)<br>Two Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94306-2112<br>Telephone: (650) 331-2000<br>Facsimile: (650) 331-4000 | Bruce J. Sarchet (SBN 121042)<br>Maurice Baskin (*pro hac vice to be filed*)<br>500 Capitol Mall, Suite 200<br>Sacramento, CA 95814<br>Telephone: (916) 830-7200<br>Facsimile: (916) 561-0828 |
| Andrew J. Pincus (*pro hac vice pending*)<br>Archis A. Parasharami (SBN 321661)<br>1999 K Street, N.W.<br>Washington, D.C. 20006-1101<br>Telephone: (202) 263-3000<br>Facsimile: (202) 263-3300 | *Attorneys for Plaintiffs National Retail Federation, California Retailers Association National Association of Security Companies Home Care Association of America, and California Association for Health Services at Home* |

*Attorneys for Plaintiffs Chamber of Commerce Of the United States of America and California Chamber of Commerce*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, CALIFORNIA CHAMBER OF COMMERCE, NATIONAL RETAIL FEDERATION, CALIFORNIA RETAILERS ASSOCIATION, NATIONAL ASSOCIATION OF SECURITY COMPANIES, HOME CARE ASSOCIATION OF AMERICA, and CALIFORNIA ASSOCIATION FOR HEALTH SERVICES AT HOME,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as the Attorney General of the State of California, LILIA GARCIA BROWER, in her official capacity as the Labor Commissioner of the State of California, JULIE A. SU, in her official capacity as the Secretary of the California Labor and Workforce Development Agency, and KEVIN KISH, in his official capacity as Director of the Department of Fair Employment and Housing of the State of California.<br><br>Defendants. | Case No. 2:19-cv-02456-KJM-DB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Proposed Hearing Date: December 19, 2019<br>Proposed Hearing Time: 2:00 p.m.<br>Courtroom: 3, 15th Floor<br><br>Hon. Kimberly J. Mueller<br><br>ORAL ARGUMENT REQUESTED |

**INTRODUCTION**

As the clock strikes midnight on January 1, 2020, Assembly Bill 51 ("AB 51") will criminalize the use of arbitration agreements that are protected under federal law. Without this Court's urgent intervention, Plaintiffs and their members will face immediate, irreparable harm, as businesses operating in California must choose whether to comply with a state law that is clearly preempted and thus unconstitutional or face the risk of criminal sanctions. That would deprive employers and employees alike of the recognized and "real benefits" of arbitration, which "allow[s] parties to avoid the costs of litigation, a benefit that may be of particular importance in employment litigation, which often involves smaller sums of money than disputes concerning commercial contracts." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 122-23 (2001). The Court should enter a temporary restraining order to maintain the status quo and allow this Court to hear and decide Plaintiffs' pending motion for a preliminary injunction.

The Supreme Court has spoken with unmistakable clarity on the legal principles that control this case. The Federal Arbitration Act (FAA) "reflects an emphatic federal policy in favor of arbitral dispute resolution." *Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530, 533 (2012) (per curiam) (quotation marks omitted). "The FAA's displacement of conflicting state law is 'now well-established.'" *Preston v. Ferrer*, 552 U.S. 346, 353 (2008) (Ginsburg, J.) (explaining that FAA preempted California law). And "[a] rule selectively finding arbitration contracts invalid because improperly formed fares no better under the Act than a rule selectively refusing to enforce those agreements once properly made.'" *Kindred Nursing Ctrs. Ltd. P'Ship v. Clark*, 137 S. Ct. 1421, 1428 (2017). Governor Brown vetoed the nearly identical predecessor of AB 51, noting that its restrictions on the formation of arbitration agreements were preempted under *Kindred*.[1] Yet AB 51 contains the same restrictions, while Supreme Court precedent is unchanged.

Businesses around the country, including in California, routinely enter into arbitration agreements with workers, either as a condition of the working relationship or on an opt-out basis, so that both parties can make use of alternative dispute resolution procedures. In addition to the

---
[1] Governor's Veto Message, AB 3080 (Sept. 30, 2018), available at http://leginfo.legislature.ca.gov/faces/billStatusClient.xhtml?bill_id=201720180AB3080.

lower expenses recognized in *Circuit City*, 532 U.S. at 122-23, arbitration is faster than litigation in court and employees do at least as well in arbitration: A recent study found that employees who filed claims that reached a judgment won almost three times as often in arbitration as in court—32% compared to 11%—and recovered an average award nearly twice as large in arbitration. *See* NDP Analytics, *Fairer, Faster, Better: An Empirical Assessment of Employment Arbitration* 5-10 (May 2019), *available at* https://www.instituteforlegalreform.com/uploads/sites/1/Empirical-Assessment-Employment-Arbitration.pdf.

Yet if allowed to go into effect, AB 51 will make it a *crime* for businesses to require binding pre-dispute arbitration with their workers—forbidding businesses in California from exercising their federally protected rights under the Federal Arbitration Act ("FAA").

Plaintiffs have already moved for a preliminary injunction against the enforcement of AB 51. *See* Mot. for a Preliminary Injunction ("P.I. Mot."), Dkt. 5. But the earliest possible hearing date for that motion under the local rules is January 10, 2020—nine days after AB 51 goes into effect. *Id.* To avoid incurring irreparable harms should AB 51 be enforced during that gap, Plaintiffs have asked Defendants to agree to halt their enforcement of AB 51 until this Court resolves the pending motion for a preliminary injunction. Plaintiffs hope that the parties will be able to reach an agreement, avoiding the need for this Court's intervention. But in the absence of such an agreement—and especially given the effect of the intervening holidays on the Court's schedule—Plaintiffs now seek this temporary restraining order preserve the status quo pending the resolution of their preliminary injunction motion.

## BACKGROUND

**A. AB 51 Restricts The Ability Of Businesses To Agree To Arbitrate Disputes With Their Workers.**

AB 51 "applies to contracts for employment entered into, modified, or extended on or after January 1, 2020." Cal. Lab. Code § 432.6(h). AB 51 will amend both California's Labor Code, which creates a sweeping array of employment-related claims, and California's Fair Housing and Employment Act ("FEHA"), which creates various workplace-discrimination protections (Cal. Gov't Code § 1900 *et seq.*). The California Labor Commissioner, through the Division of Labor

Standards Enforcement, enforces the California Labor Code, while the Department of Fair Employment and Housing enforces FEHA. *See* Cal. Lab. Code. §§ 98.7, 203, 1194, 2698-2699.6; Cal. Bus. & Prof. Code § 17200 *et seq.*; Cal. Gov't Code §§ 12960-12965.

AB 51 will add Section 432.6 to the Labor Code. That section will prohibit employers from requiring any employee or applicant to "waive any right, forum or procedure for a violation of any provision" of FEHA or the entire Labor Code, including "the right to file and pursue a civil action" in "any court," "as a condition of employment, continued employment, or the receipt of any employment-related benefit." Cal. Lab. Code § 432.6(a). Section 432.6 deems agreements that allow employees to "opt out of a waiver or take any affirmative action in order to preserve their rights" to impose a condition of employment. *See id.* § 432.6(c). That is, voluntary opt-out procedures are treated (contrary to fact) as if they provided no option at all.

AB 51 imposes draconian criminal and civil penalties. Under the Labor Code, businesses that violate the restrictions imposed by AB 51 are guilty of a misdemeanor (Cal. Lab. Code § 433), which is punishable by imprisonment not exceeding six months or a fine not exceeding $1,000, or both (*id.* § 23). AB 51 also amends FEHA by adding Section 12953, which provides that any violation of Section 432.6 in the Labor Code will be an "unlawful employment practice" under FEHA, Cal. Gov't Code § 12953, providing an additional administrative remedy (and a distinct private right of action) for any violation of Labor Code section 432.6.

**B. Businesses Face A Genuine Threat Of Government Enforcement Of AB 51.**

Businesses that do not comply with AB 51 risk several types of enforcement actions by Defendants:

- Because violations of Section 432.6 are misdemeanors, businesses are subject to prosecution by California's Attorney General and the District Attorneys under his direct supervision, who are charged with enforcing California's criminal laws. Cal. Gov't Code §§ 12550, 26500; Compl. ¶ 49.
- The Labor Commissioner may enforce Labor Code section 432.6 directly.
- The Director of the Department of Fair Employment and Housing may enforce

| | |
|---|---|
| 1 | violations of that provision as violations of FEHA under Government Code section |
| 2 | 12953. |

The threat to businesses operating in California is significant, real, and imminent.

## ARGUMENT

"Temporary restraining orders are emergency measures, intended to preserve the status quo pending a fuller hearing on the injunctive relief requested." *FreshPoint Denver Inc. v. Trinity Fresh Distribution LLC*, 2018 WL 6696676, at *2 (E.D. Cal. Dec. 20, 2018). "Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction." *Rhorabough v. California Dep't of Corr.*, 2006 WL 2401928, at *1 (E.D. Cal. Aug. 18, 2006). A party is entitled to a preliminary injunction if it shows that (1) it is "likely to succeed on the merits"; (2) it is "likely to suffer irreparable harm in the absence of preliminary relief"; (3) the balance of equities tips in [its] favor"; and (4) "an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008). Here, all four factors favor Plaintiffs. The Court should grant the temporary relief requested in order to prevent immediate, severe, and irreparable harm to Plaintiffs and their members that would occur if Defendants are permitted to enforce AB 51 before the Court has the opportunity to resolve Plaintiffs' motion for a preliminary injunction.

### A. Plaintiffs Are Likely To Succeed On The Merits.

Plaintiffs' motion for a preliminary injunction details why they are likely to succeed on the merits of their claims. *See* P.I. Mot. 9-13. That is because AB 51 is preempted by the FAA.

The preemption question is not a close call. The Supremacy Clause directs that the "laws of the United States * * * shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding." U.S. Const. art. VI, cl. 2. As a consequence, any state law that "conflicts with § 2 of the Federal Arbitration Act * * * violates the Supremacy Clause," *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984) (provision of California Corporations Code preempted), a principle that was "well-established" by 2008. *Preston*, 552 U.S. at 353. Likewise, a state law that "stands

as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," as expressed in federal law, is preempted and invalid. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011) (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941). AB 51 is preempted on both grounds.

Section 2 of the FAA specifies that a "written provision in * * * a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, * * * shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under Section 2, "courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." *Concepcion*, 563 U.S. at 339; *accord Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1412 (2019). Accordingly, the Supreme Court has repeatedly held that state laws disfavoring arbitration agreements are preempted.[2]

AB 51's restrictions on the ability of businesses to enter into arbitration agreements with their workers—especially coupled with the extraordinary sanction of criminal penalties—do not apply to other types of contracts and therefore violate Section 2 of the FAA. Under California law, nearly any contract term may be a condition of employment or a working relationship except (under AB 51) a term that requires a substitute for litigation in court. That standard is designed to make arbitration agreements harder to form than other types of contracts. A rule that "singl[es] out arbitration provisions for suspect status" in this manner "directly conflicts with § 2 of the FAA." *Casarotto*, 517 U.S. at 688. As the Supreme Court recently explained in *Kindred*, the FAA "[b]y its terms" … cares not only about the 'enforce[ment]' of arbitration agreements, but also about their initial 'valid[ity]'—that is, about what it takes to enter into them. Or said otherwise: A rule selectively finding arbitration contracts invalid because improperly formed fares

---

[2] *See, e.g.*, *Kindred*, 137 S. Ct. at 1426 (Kentucky state-law rule requiring specific express authorization in power-of-attorney before an attorney-in-fact could agree to arbitration on behalf of her principal); *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687-88 (1996) (Montana statute conditioning enforcement of arbitration agreements on special notice requirements); *Perry v. Thomas*, 482 U.S. 483, 491 (1987) (California Labor Code provision requiring judicial forum for wage collection actions); *Southland*, 465 U.S. at 10 (requirement that claims under California Franchise Investment Law be decided in court).

5
PLAINTIFFS' MEMO. ISO MOTION FOR A TRO
Case No. 2:19-cv-02456-KJM-DB

no better under the Act than a rule selectively refusing to enforce those agreements once properly made.'" *Kindred*, 137 S. Ct. at 1428 (holding rule of Kentucky law preempted and rejecting argument that "the FAA has 'no application' to 'contract formation issues'"). Indeed, the Supreme Court has specifically recognized that California Labor Code provisions that disfavor arbitration are preempted. *See Preston*, 552 U.S. 346; *Perry v. Thomas*, 482 U.S. 483, 484 (1987).

In short, Plaintiffs are likely to prevail on their claim that AB 51 violates federal law. *See* P.I. Mot. 9-13.

**B. Plaintiffs Will Suffer Imminent Irreparable Harm In The Absence Of A Temporary Restraining Order.**

If AB 51 were allowed to go into effect as scheduled on January 1, 2020, Plaintiffs and their members would suffer irreparable harm before this Court could resolve their motion for a preliminary injunction, set for hearing ten days later.

As Plaintiffs explained in their motion for a preliminary injunction, many of Plaintiffs' members currently enter into arbitration agreements with workers. *See* P.I. Mot. 13. They do so as a requirement for entering into a working relationship. These standard practices allow businesses and workers to obtain the benefits of an arbitral forum to resolve workplace-related disputes expeditiously and fairly. And businesses operating in California (and elsewhere) expect that they will be able to enter into enforceable arbitration agreements—because of the FAA's protection of the enforceability of those agreements—and therefore anticipate lower legal costs and more efficient dispute resolution procedures. *See* Decl. of Brian Maas ¶¶ 6-7, 21-22.

Unless this Court provides temporary relief now—while it considers Plaintiffs' motion for a preliminary injunction—Plaintiffs' members will suffer significant harms that cannot be corrected once inflicted, no matter how they respond to AB 51.

Plaintiffs' members who refuse to comply with AB 51 in the good-faith belief that it is preempted and unconstitutional face the following immediate risks that constitute irreparable harm:

- Labor Code section 433 exposes businesses to an immediate risk of criminal prosecution beginning on January 1, 2020. *See Ga. Latino Alliance for Human*

*Rights v. Governor of Ga*, 691 F.3d 1250, 1269 (11th Cir. 2012) ("[T]he threat of state prosecution for crimes that conflict with federal law" amounts to irreparable harm); *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) (affirming that the "threat of prosecution under the [challenged] statute" establishes irreparable harm); *see also* Maas Dec. ¶¶ 23-25.

- Businesses also face a serious risk of civil investigations and enforcement actions under the Labor Code and FEHA. Defendants robustly enforce both statutes. *See* P.I. Mot. 14.

On the other hand, if California businesses are coerced into compliance by the threat of criminal and civil penalties, they will suffer other immediate, irreparable injuries.

- Businesses who comply will have to forgo their federally protected rights to enter into predispute arbitration agreements with their workers, beginning on January 1, 2020. *Id.* at 15.
- Compliance will require businesses to incur immediate administrative costs to redraft their contracts to omit arbitration provisions. Maas Dec. ¶¶ 17-30.
- These changes will result in fewer arbitration agreements being formed, and more disputes being channeled into slower judicial and administrative, rather than arbitral, forums. As a consequence, Plaintiffs' members would be deprived of the benefits and cost savings of arbitration. Maas Dec. ¶ 32.
- Were AB 51 to be invalidated later, Plaintiffs' members could not undo the consequences of changes they had made in an effort to comply with AB 51. *See* Maas Dec. ¶ 34.
- None of these costs can be recovered with monetary damages at the conclusion of the suit, because they would be barred by sovereign immunity. *See, e.g.*, *Cal. Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 852 (9th Cir. 2009), *vacated on other grounds by Douglas v. Indep. Living Ctr. of S. Cal, Inc.*, 565 U.S. 606 (2012). *See* P.I. Mot. 16.

Because Plaintiffs' members must choose between risking enforcement actions or complying with an invalid law that requires them to alter their relationships with their workers and incur significant costs, "a very real penalty attaches" regardless of how the members proceed. *Am. Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1058 (9th Cir. 2009); *see also Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) (recognizing irreparable harm where Plaintiffs' faced a "Hobson's choice"). In either case, the irreparable harm is clear, and can be avoided only if enforcement of AB 51 is enjoined. Thus, Plaintiffs require temporary relief for the brief period of time between the date AB 51 takes effect and the date this Court can resolve Plaintiffs' pending motion for a preliminary injunction.

### C. The Balance Of Hardships And The Public Interest Weigh Sharply In Plaintiffs' Favor.

The inquiries into the balance of the hardships and the public interest merge where the government is a party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Both factors strongly support issuing a temporary restraining order for the short time needed to protect Plaintiffs and their members against irreparable harms prior to the Court's resolution of the pending motion for a preliminary injunction.

As Plaintiffs described in their motion for a preliminary injunction, allowing AB 51 to go into effect would deprive businesses and their workers alike of the many benefits of arbitration. P.I. Mot. 17-18. Arbitration yields benefits including "lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes," *Lamps Plus*, 139 S. Ct. at 1416 (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685 (2010)); *accord Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 280 (1995) (one of arbitration's "advantages" is that it is "cheaper and faster than litigation") (quotation marks omitted). It is also procedurally simpler, which reduces the burdens on both parties and often allow individuals to proceed without a lawyer. These benefits give the public a powerful interest in preventing businesses and their workers from being deprived of the benefits of arbitration—all the more because those benefits are protected under federal law.

In stark contrast to the irreparable injury that Plaintiffs' members would suffer without

temporary relief, Defendants will suffer *no* harm from halting enforcement of AB 51 for the short time period until the Court can resolve Plaintiffs' motion for a preliminary injunction. There is no urgent reason that AB 51 needs to be enforced for that period of a couple of weeks. Moreover, the public interest is always served by enjoining the enforcement of invalid provisions of a state law. *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012); *see also Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742, 771 (10th Cir. 2010); *Utah Licensed Beverage Ass'n v. Leavitt*, 256 F.3d 1061, 1076 (10th Cir. 2001).

**D. Plaintiffs Have Timely Brought This Motion And Their Motion For A Preliminary Injunction.**

In addition to satisfying the traditional factors warranting a preliminary injunction, Plaintiffs have timely brought this motion under Local Civil Rule 231(b) because they have not "unduly delayed in seeking injunctive relief."

Plaintiffs brought this lawsuit on Friday, December 6, 2019, within a matter of weeks after AB 51 was signed into law on October 10, 2019. Dkt. 1. On Monday, December 9, 2019 (one business day later and the same day that the Clerk of Court provided a judicial assignment), Defendants filed their motion for a preliminary injunction. Dkt. 5. Under Local Civil Rule 230(b), the earliest possible hearing date on the motion is January 10, 2020, which Plaintiffs noticed as the hearing date. *See id.*

Plaintiffs hoped to avoid seeking interim temporary relief from the Court by reaching a stipulation with Defendants. But as detailed in the accompanying declaration of Donald M. Falk, counsel for Plaintiffs was unable to reach an attorney handling this matter for Defendants until the afternoon of Friday, December 13. *See* Decl. of Donald M. Falk ¶¶ __-___. Defendants have not yet agreed to stay enforcement of AB 51 pending the resolution of the motion for a preliminary injunction (*id.* ¶ ___)—necessitating the filing of this motion for temporary relief.

**CONCLUSION**

The Court should enter a temporary restraining order prohibiting Defendants from enforcing AB 51 pending the resolution of Plaintiffs' motion for a preliminary injunction.

| | | |
|---|---|---|
| 1 | Dated: December 16, 2019 | Respectfully submitted, |
| 2 | | |
| 3 | | By: */s/ Donald M. Falk*<br>Donald M. Falk (SBN 150256)<br>Two Palo Alto Square |
| 4 | | 3000 El Camino Real<br>Palo Alto, CA 94306-2112 |
| 5 | | (650) 331-2000<br>(650) 331-4000 (fax) |
| 6 | | dfalk@mayerbrown.com |
| 7 | | Andrew J. Pincus (*pro hac vice pending*)<br>Archis A. Parasharami (SBN 321661) |
| 8 | | MAYER BROWN LLP<br>1999 K Street NW |
| 9 | | Washington, DC 20006<br>(202) 263-3000 |
| 10 | | (202) 263-3300 (fax)<br>apincus@mayerbrown.com |
| 11 | | aparasharami@mayerbrown.com |
| 12 | | *Counsel for Plaintiffs Chamber of Commerce of the United States of America and California Chamber* |
| 13 | | *of Commerce* |
| 14 | | Erika C. Frank (SBN 221218)<br>CALIFORNIA CHAMBER OF COMMERCE |
| 15 | | 1215 K Street, Suite 1400<br>Sacramento, CA 95814 |
| 16 | | (916) 444-6670<br>erika.frank@calchamber.com |
| 17 | | |
| 18 | | *Counsel for Plaintiff California Chamber of Commerce* |
| 19 | | Steven P. Lehotsky* |
| 20 | | Jonathan Urick*<br>U.S. CHAMBER LITIGATION CENTER |
| 21 | | 1615 H Street, NW<br>Washington, DC 20062 |
| 22 | | (202) 463-5337<br>(202) 463-5346 (fax) |
| 23 | | slehotsky@uschamber.com |
| 24 | | *Counsel for Plaintiff Chamber of Commerce of the United States of America* |
| 25 | | Bruce J. Sarchet (SBN 121042) |
| 26 | | Maurice Baskin*<br>LITTLER MENDELSON, P.C. |
| 27 | | 500 Capitol Mall, Suite 200<br>Sacramento, CA 95814 |
| 28 | | (916) 830-7200 |

(916) 561 0828
bsarchet@littler.com
mbaskin@littler.com

*Counsel for Plaintiffs National Retail Federation, California Retailers Association, National Association of Security Companies, Home Care Association of America, and California Association for Health Services at Home*

*\* Motion for Admission Pro Hac Vice To Be Filed*