| | |
|---|---|
| **MAYER BROWN LLP** | **LITTLER MENDELSON, P.C.** |
| Donald M. Falk (SBN 150256)<br>Two Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94306-2112<br>Telephone:   (650) 331-2000<br>Facsimile:    (650) 331-4000 | Bruce J. Sarchet (SBN 121042)<br>Maurice Baskin (pro hac vice to be filed)<br>500 Capitol Mall, Suite 200<br>Sacramento, CA 95814<br>Telephone:   (916) 830-7200<br>Facsimile:    (916) 561-0828 |
| Andrew J. Pincus (*pro hac vice pending*)<br>Archis A. Parasharami (SBN 321661)<br>1999 K Street, N.W.<br>Washington, D.C. 20006-1101<br>Telephone:   (202) 263-3000<br>Facsimile:    (202) 263-3300 | *Attorneys for Plaintiffs National Retail Federation, California Retailers Association National Association of Security Companies Home Care Association of America, and California Association for Health Services at Home* |

*Attorneys for Plaintiffs Chamber of Commerce Of the United States of America and California Chamber of Commerce*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, CALIFORNIA CHAMBER OF COMMERCE, NATIONAL RETAIL FEDERATION, CALIFORNIA RETAILERS ASSOCIATION, NATIONAL ASSOCIATION OF SECURITY COMPANIES, HOME CARE ASSOCIATION OF AMERICA, and CALIFORNIA ASSOCIATION FOR HEALTH SERVICES AT HOME,<br><br>          Plaintiffs,<br><br>     v.<br><br>XAVIER BECERRA, in his official capacity as the Attorney General of the State of California, LILIA GARCIA BROWER, in her official capacity as the Labor Commissioner of the State of California, JULIE A. SU, in her official capacity as the Secretary of the California Labor and Workforce Development Agency, and KEVIN KISH, in his official capacity as Director of the California Department of Fair Employment and Housing of the State of California,<br><br>          Defendants. | Case No. 2:19-cv-02456-KJM-DB<br><br>**DECLARATION OF DONALD M. FALK IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Proposed Hearing Date: December 19, 2019<br>Proposed Hearing Time: 2:00 p.m.<br>Courtroom: 3, 15th Floor<br><br>Hon. Kimberly J. Mueller<br><br>ORAL ARGUMENT REQUESTED |

I, Donald M. Falk, hereby declare that:

1. I submit this declaration in support of Plaintiffs' Motion for a Temporary Restraining Order. I have personal knowledge of the statements in this declaration and, if called as a witness, I could and would testify to their truth.

2. I am a partner in the law firm of Mayer Brown LLP, counsel for plaintiffs Chamber of Commerce of the United States of America and California Chamber of Commerce, and have been an active member of the California Bar since 1990.

3. The Complaint in this action challenges the constitutionality of AB 51, which takes effect on January 1, 2020.

4. The Complaint was filed on December 6, 2019. A summons was issued December 9 and was served with the Complaint and Plaintiffs' Motion for a Preliminary Injunction on December 10 and 11.

5. No Defendant has appeared in this case.

6. I first succeeded in making contact with any of Defendants' counsel on Friday, December 13, when I spoke and corresponded with Deputy Attorney General Chad Stegeman of the Government Law Section and with Paula Pearlman, Assistant Chief Counsel of the Department of Fair Employment and Housing.

7. In my communications with Mr. Stegeman and Ms. Pearlman I raised the possibility that, if the Defendants would commit not to enforce AB 51 until the Motion for a Preliminary Injunction was heard and decided, Plaintiffs would not need to file a motion for temporary restraining order and also would be willing to set the hearing for a later date.

8. Because the Office of the Attorney General identifies the function of the Government Law Section as including the defense of constitutional challenges to California statutes, I expect that Mr. Stegeman will represent all Defendants in this case. I understood Mr. Stegeman and Ms. Pearlman to express the same expectation.

9. I spoke with Mr. Stegeman again at approximately 5:30 p.m. on Monday, December 16. At that time he informed me that he had not yet received a formal request from Defendants Brower, Su, or Kish to represent them in this matter. As a consequence, he was not

1  yet able to discuss the proposal in paragraph 7 above.

2      10.    Mr. Stegeman did say that he had communicated informally with Marc Pilotin, General Counsel of the Labor and Workforce Development Agency, and agreed to forward a courtesy copy of these TRO papers to Mr. Pilotin, who presumably represents Secretary Su.

    11.    I searched and asked others to search the Internet to try to find the current Chief Counsel of the Division of Labor Standards Enforcement, the agency that Labor Commissioner Brower heads. None of us were successful.

    12.    I made several telephone calls on December 16 in an effort to identify counsel for Labor Commissioner Brower. Eventually I reached an unidentified person in the Labor Commissioner's office, who stated that—notwithstanding the proof of service indicating that service on the Commissioner had been accepted by one "F. Yeh" on the 10th floor, 455 Golden Gate Avenue, San Francisco—the Commissioner was on the 9th floor and had not been properly served.

    13.    A page captioned "Contact the Labor Commissioner's Office" on the Labor Commissioner's website, which I visited last week and tonight, lists the address of the San Francisco office of the Commissioner as "455 Golden Gate Ave, 10th Floor, San Francisco."

    14.    I am also informed and believe that my firm's docketing department reviewed proofs of service on the Labor Commissioner in prior cases and saw the same 10th floor address.

    15.    Nonetheless, I instructed that the Complaint and Motion for Preliminary Injunction should be served immediately on the Labor Commissioner on the 9th Floor of 455 Golden Gate Avenue. I included a note asking counsel for the Labor Commissioner to contact me as soon as possible regarding possible TRO proceedings. The process server reported that service was accepted this afternoon at that address by Theresa Bichsel, who is an attorney with the Division of Labor Standards Enforcement, which is headed by the Labor Commissioner. I presume that Ms. Bichsel will represent the Labor Commissioner at least temporarily. I have not heard from any counsel for the Labor Commissioner.

    16.    I have emailed courtesy copies of these TRO papers to Mr. Stegeman, Ms. Pearlman, and Ms. Bichsel.

17. I expect to have further discussions with Mr. Stegeman and hope that the parties can reach a stipulation that would make temporary relief unnecessary. If the parties reach an agreement, I will inform the Court immediately.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of December 2019, at San Francisco, California.

_____
Donald Falk