Xavier Becerra
Attorney General of California
Tamar Pachter
Supervising Deputy Attorney General
Chad A. Stegeman, State Bar No. 225745
Deputy Attorney General
  455 Golden Gate Ave., Ste. 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 510-3624
  Fax: (415) 703-5843
  E-mail: Chad.Stegeman@doj.ca.gov
*Attorneys for Defendants Xavier Becerra, Lilia Garcia-Brower, Julie A. Su, and Kevin Kish, in their official capacities*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA., et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**XAVIER BECERRA, et al.,**<br><br>Defendants. | 2:19-cv-02456-KJM-DB<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS AND NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF BRIAN MAAS'S DECLARATION [ECF NO. 5-2] USED IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Action Filed: December 9, 2019<br><br>Judge: Kimberly J. Mueller. |

1

Defs.' Objections to Maas Decl. (ECF No. 5-2) (2:19-cv-02456-KJM-DB)

# NOTICE OF MOTION AND MOTION TO STRIKE

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that Defendants object to and move the Court for an order under Federal Rule of Civil Procedure 12(f) striking paragraphs 7, 26-28, 32-35, and 37 in whole or in part as indicated, of the Declaration of Brian Maas in Support of Motion for Preliminary Injunction (ECF No. 5-2) (Maas Decl.), which is also used in support of Plaintiffs' Motion for Temporary Restraining Order. The statements should be stricken from the record and Plaintiffs should not be allowed to rely on them in either their Motion for Preliminary Injunction or Motion for Temporary Restraining Order because they lack proper foundation, constitute speculation, are improper opinion, false and misleading, and fail to meet fundamental evidentiary standards for admissibility.

The evidentiary objections and this motion are based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the pleading and papers on file, and such other matters as may be presented to the Court.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Brian Maas is the President of the California New Car Dealers Association, not a subject-matter expert qualified to give opinions and testify about the human factor issues, what the plaintiffs' bar will do, the fairness of arbitration proceedings, or other matters identified below in support of Plaintiffs' Motion for Preliminary Injunction or their Motion for Temporary Restraining Order. His declaration is rife with inappropriate testimony, unfounded conclusions, and false and misleading information. His declaration also contains baseless speculation.

A declaration that includes unsupported facts, legal arguments, or evidence that is not otherwise admissible, may be stricken at the court's discretion. *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999) (upholding decision to strike affidavit which "more resembled an adversarial memorandum than a bona fide affidavit.").

2

Defs.' Objections to Maas Decl. (ECF No. 5-2) (2:19-cv-02456-KJM-DB)

## I. SPECIFIC OBJECTIONS TO EVIDENCE.

Defendants respectfully request that the specific evidentiary objections below be sustained and that the noted paragraphs and passages in the Maas Declaration (ECF No. 5-2) be stricken.

**A.  Paragraph 7 "arbitration is faster, cheaper, and just as fair as litigation in court, while less likely to generate hostility between the parties."**

**Objection 1**:  Improper "Expert" Testimony of Non-Expert (Fed. R. Evid. 701, 702): Maas has not provided any evidence of his qualifications, knowledge, or expertise that would support the opinions made in the challenged statement.

**Objection 2**:  Lack of Personal Knowledge/Foundation (Fed. R. Evid. 602).  Maas does not provide personal knowledge or any foundation that justifies this statement.

**B.  Paragraph 26 "they would have a two-tier workforce, where those employees hired before January 1, 2020, will be subject to arbitration agreements, while those employees hired on or after that date will not be required to arbitrate.  And CNCDA and its members will lose the benefits of arbitration as a faster, cheaper, and less hostile method of dispute resolution.  These expenses and lost benefits, too, would be irreparable."**

**Objection 1**:  Misleading, false, deceptive, and therefore confusing (Fed. R. Evid. 403).  By its terms, under AB 51 employees hired on or after January 1, 2020, will be required to arbitrate if they enter into arbitration agreements; therefore Maas's statement is false and misleading.  Because there is no probative value to this incorrect and misleading assertion, any probative value the passage may have is substantially outweighed by the potential confusion caused by the misleading nature of the statement and it should be disregarded and stricken.  And because this testimony taints the remainder of the testimony given in Paragraph 26, the paragraph should be stricken.

**Objection 2**:  Speculation/Lack of Personal Knowledge/Foundation (Fed. R. Evid. 602).  It is speculation whether CNCDA or any of its members will lose benefits associated with arbitration merely because AB 51 preserves employees' freedom to voluntarily enter into arbitration agreements.

**Objection 3**:  Improper "Expert" Testimony of Non-Expert (Fed. R. Evid. 701, 702): Maas has not provided any evidence of his qualifications, knowledge, or expertise that would support the opinions made in the challenged statement.

3

**C. Paragraph 27:** "Ultimately, if AB 51 goes into effect, CNCDA and its members would be deprived of the benefit of predispute arbitration agreements. CNCDA and its members would experience an immediate and irreparable increase in the costs of dispute resolution, as disputes that would have resolved fairly and efficiently in arbitration would instead end up in the slower and more expensive court system."

**Objection 1**: Misleading, false, deceptive, and therefore confusing (Fed. R. Evid. 403): Nothing in AB 51 prevents employers and employees from consensually entering into arbitration agreements. Under its terms, CNCDA members will not be deprived of all benefits of predispute arbitration agreements. Because there is no probative value to this incorrect and misleading assertion, any probative value the statement has is substantially outweighed by the potential confusion caused by the misleading nature of the statement and it should be disregarded and stricken.

**Objection 2**: Speculation/Lack of Personal Knowledge/Foundation (Fed. R. Evid. 602). It is speculation whether CNCDA or any of its members will experience immediate and irreparable increases in the costs of dispute resolution. It is also unknown whether all of CNCDA members condition employment on the signing of an arbitration agreement; Maas does not lay a foundation for this knowledge. Moreover, is it speculation whether disputes in arbitration proceedings are "resolved fairly and efficiently," and that any dispute currently in arbitration would "end up in the slower and more expensive court system," particularly where employees have administrative and other remedies that may resolve disputes before taking action in court.

**Objection 3**: Improper "Expert" Testimony of Non-Expert (Fed. R. Evid. 701, 702): Maas has not provided any evidence of his qualifications, knowledge, or expertise that would support the opinions in the challenged statements.

**D. Paragraph 28-the entire paragraph**

**Objection 1**: Speculation/Lack of Personal Knowledge/Foundation (Fed. R. Evid. 602). This entire paragraph is based on speculation and opinion, as opposed to fact and personal knowledge.

4

Defs.' Objections to Maas Decl. (ECF No. 5-2) (2:19-cv-02456-KJM-DB)

**Objection 2**: Improper "Expert" Testimony of Non-Expert (Fed. R. Evid. 701, 702): Maas has not provided any evidence of his qualifications, knowledge, or expertise that would support the opinions made in the challenged statements.

E. **Paragraph 32-the entire paragraph**

**Objection 1**: Speculation/Lack of Personal Knowledge/Foundation (Fed. R. Evid. 602). This entire paragraph is based on speculation and opinion, as opposed to fact and personal knowledge. There is no reason to believe CNCDA members will experience a spike in vexatious litigation. And speculating what some members of the plaintiffs' bar may do is inappropriate.

**Objection 2**: Improper "Expert" Testimony of Non-Expert (Fed. R. Evid. 701, 702): Maas has not provided any evidence of his qualifications, knowledge, or expertise that would support the opinions made in the challenged statements.

F. **Paragraph 33-the entire paragraph**

**Objection 1**: Speculation/Lack of Personal Knowledge/Foundation (Fed. R. Evid. 602). This entire paragraph is based on speculation and opinion, as opposed to fact and personal knowledge. There is no evidentiary foundation to justify Maas's belief that CNCDA members will "likely have to pass on some portion of these additional costs to consumers in the form of higher retail vehicle prices."

**Objection 2**: Improper "Expert" Testimony of Non-Expert (Fed. R. Evid. 701, 702): Maas has not provided any evidence of his qualifications, knowledge, or expertise that would support the opinions made in the challenged statements.

G. **Paragraph 34-the entire paragraph**

**Objection 1**: Improper "Expert" Testimony of Non-Expert (Fed. R. Evid. 701, 702): Maas has not provided any evidence of his qualifications, knowledge, or expertise that would support the opinions made in the challenged statements.

**Objection 2**: Speculation/Lack of Personal Knowledge/Foundation (Fed. R. Evid. 602). This entire paragraph is based on speculation and opinion, as opposed to fact and personal knowledge. There is no evidentiary foundation to justify Maas's belief that CNCDA members

5

Defs.' Objections to Maas Decl. (ECF No. 5-2) (2:19-cv-02456-KJM-DB)

will experience costs associated with "abandoning arbitration" or that lower sales volume with result from higher prices as a result of voluntarily engaging employees in arbitration agreements.

    **H.**    **Paragraph 35-the entire paragraph**

    <u>**Objection 1**</u>:   Improper "Expert" Testimony of Non-Expert (Fed. R. Evid. 701, 702): Maas has not provided any evidence of his qualifications, knowledge, or expertise that would support the opinions made in the challenged statements.

    <u>**Objection 2**</u>:   Speculation/Lack of Personal Knowledge/Foundation (Fed. R. Evid. 602). This entire paragraph is based on speculation and opinion, as opposed to fact and personal knowledge. There is no basis to justify Maas's belief that any dispute during the pendency of this action would be diverted to the judicial system, as opposed to arbitration, administrative proceedings, or otherwise. Statements about the fairness and efficiency of arbitration proceedings are unsupported, and discussion of meritless lawsuits is pure speculation.

    **I.**    **Paragraph 37-the entire paragraph**

    <u>**Objection 1**</u>:   Improper "Expert" Testimony of Non-Expert (Fed. R. Evid. 701, 702): Maas has not provided any evidence of his qualifications, knowledge, or expertise that would support the opinions made in the challenged statements.

## CONCLUSION

For the reasons set forth above, Defendants' objections should be sustained and the testimony stricken.

Dated: December 20, 2019                           Respectfully submitted,

                                                                  XAVIER BECERRA
                                                                   Attorney General of California
                                                                   TAMER PACHTER
                                                                   Supervising Deputy Attorney General

                                                                   */s/ Chad A. Stegeman*
                                                                   CHAD A. STEGEMAN
                                                                   Deputy Attorney General
                                                                   *Attorneys for Defendants Xavier Becerra, Lilia-Garcia Brower, Julie A. Su, and Kevin Kish, in their official capacities*

SA2019106348

6

Defs.' Objections to Maas Decl. (ECF No. 5-2) (2:19-cv-02456-KJM-DB)