| | |
|---|---|
| **MAYER BROWN LLP** | **LITTLER MENDELSON, P.C.** |
| Donald M. Falk (SBN 150256)<br>Two Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94306-2112<br>Telephone:   (650) 331-2000<br>Facsimile:    (650) 331-4000 | Bruce J. Sarchet (SBN 121042)<br>Maurice Baskin (*pro hac vice to be filed*)<br>500 Capitol Mall, Suite 2000<br>Sacramento, CA 95814<br>Telephone:   (916) 830-7200<br>Facsimile:    (916) 561-0828 |
| Andrew J. Pincus (*pro hac vice pending*)<br>Archis A. Parasharami (SBN 321661)<br>1999 K Street, N.W.<br>Washington, D.C. 20006-1101<br>Telephone:   (202) 263-3000<br>Facsimile:    (202) 263-3300 | *Attorneys for Plaintiffs National Retail Federation, California Retailers Association National Association of Security Companies Home Care Association of America, and California Association for Health Services at Home* |

*Attorneys for Plaintiffs Chamber of Commerce Of the United States of America and California Chamber of Commerce*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, CALIFORNIA CHAMBER OF COMMERCE, NATIONAL RETAIL FEDERATION, CALIFORNIA RETAILERS ASSOCIATION, NATIONAL ASSOCIATION OF SECURITY COMPANIES, HOME CARE ASSOCIATION OF AMERICA, and CALIFORNIA ASSOCIATION FOR HEALTH SERVICES AT HOME,<br><br>                              Plaintiffs,<br><br>             v.<br><br>XAVIER BECERRA, in his official capacity as the Attorney General of the State of California, LILIA GARCIA BROWER, in her official capacity as the Labor Commissioner of the State of California, JULIE A. SU, in her official capacity as the Secretary of the California Labor and Workforce Development Agency, and KEVIN KISH, in his official capacity as Director of the Department of Fair Employment and Housing of the State of California.<br><br>                              Defendants. | Case No.  2:19-cv-02456-KJM-DB<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Hearing Date: December 23, 2019<br>Hearing Time: 2:00 p.m.<br>Courtroom: Telephonic Hearing<br><br>Hon. Kimberly J. Mueller |

Defendants do not dispute that, in just over a week, AB 51 will make it a ***crime*** for businesses to enter into arbitration agreements with new or existing employees as a condition of employment. And the opposition fails to acknowledge that, since filing this lawsuit and their motion for a preliminary injunction, Plaintiffs have tried to negotiate in good faith with Defendants to obtain Defendants' agreement to refrain from enforcing the statute, including its criminal prohibitions, until the preliminary injunction hearing—currently scheduled for January 10, 2020. If Defendants had agreed to a brief standstill—only 9 days after the statute's effective date—that would have obviated the need for emergency relief from this Court. But because Defendants have not meaningfully conferred with Plaintiffs, a temporary restraining order is necessary to maintain the status quo.

Defendants' arguments that AB 51 is not preempted conflict with controlling Supreme Court precedent. The opposition confirms that AB 51 singles out the "defining trait" of arbitration agreements, "a waiver of the right to go to court" (*Kindred Nursing Centers Limited Partnership v. Clark*, 137 S. Ct. 1421, 1427 (2017)), and makes it a *crime* to enter into workplace contracts with that trait. That is a blatant "singling out" of arbitration agreements "for disfavored treatment," *id.*, and a result antithetical to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), which "was designed to promote arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345 (2011).

As demonstrated in plaintiffs' motions and complaint, California has repeatedly enacted laws and adopted doctrines that violate the FAA. AB 51 is the latest of California's "great variety of devices and formulas declaring arbitration against public policy" that the FAA was enacted to prevent. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1623 (2018) (quoting *Concepcion*, 563 U.S. at 342). But AB51 is exceptionally troubling because it criminalizes the formation of arbitration agreements protected under federal law. Because Defendants have refused to agree to a brief delay in any efforts to enforce AB51, emergency relief is urgently needed to maintain the status quo until this Court can consider Plaintiffs' challenge on January 10.

**ARGUMENT**

**A. Plaintiffs' Motion Is Timely.**

Defendants fault Plaintiffs for not seeking "a temporary restraining order when they served

their complaint," rather than "nearly a week after serving their motion for preliminary injunction." Opp. 5.  The notion that plaintiffs seeking a preliminary injunction should rush to involve the courts on an emergency basis is backwards.  This Court's own TRO checklist (ECF No. 8–3) requires the party seeking a TRO to identify whether the applicant "discuss[ed] alternatives to a TRO hearing" and "ask[ed the] opponent to stipulate to a TRO."  If Plaintiffs' efforts to hold good-faith negotiations with Defendants were a reason to deny the TRO, parties seeking a preliminary injunction against the State would have to move for a TRO immediately in all cases, necessitating emergency proceedings that could be avoided.

Indeed, it is telling that Defendants do not discuss the fact that Plaintiffs tried to reach counsel for the Defendants and negotiate a stipulation that would avoid the need for a TRO—but Defendants declined to respond on that point.  *See* Declaration of Donald M. Falk, Dkt. No. 8-2, ¶¶ 6-9, 17; *see also* Mot. 9 (ECF No. 8–1).

The opposition further fails to mention that, after filing their TRO motion, Plaintiffs have continued to try in good faith to negotiate a stipulation that would have obviated the need for this Court's consideration of a request for emergency relief.  *See* Reply Decl. of Donald M. Falk ¶¶ 6-17 & Exs. A-B.  Defendants have never meaningfully engaged in these efforts; instead, Defendants' counsel stated for the first time in an email on Thursday *afternoon* that defendants "will oppose the TRO," with no further explanation.  *Id.* ¶ 13 & Ex. A.[1]

Defendants next try to fault plaintiffs for filing this lawsuit less than two months after AB 51 was signed into law.  Opp. 5-6.  But they offer no authority even suggesting that it somehow constitutes undue delay to challenge the constitutionality of a statute in that timeframe.  Defendants suggest that a substantial constitutional challenge to a state statute that involves a coalition of seven plaintiffs (each representing numerous members) is akin to an individual's contesting a foreclosure sale (*see Expose v. Fay Servicing, Inc.*, 2019 WL 4640556 (E.D. Cal. Sept. 24, 2019) (cited at

---

[1]   Defendants also suggest that plaintiffs "could have sought an order shortening time on their motion for a preliminary injunction" (Opp. 6), but Plaintiffs never had a chance to discuss that possibility with defendants in light of defendants' failure to negotiate.  The parties have since exchanged competing proposals, but have not reached an agreement as of the filing of this reply.  Falk Reply Dec. ¶¶ 21-23.

Opp. 5-6)), but the difference between the situations is obvious. For one thing, the shortness of time may be laid at the feet of the Legislature, which chose an effective date less than three months after enactment. The Legislature can and does provide greater lead times for statutes enacted near the end of a legislative session. *See* AB 2455, 2017-2018 Reg. Sess., 2018 Stats. Ch. 917 (codified at Cal. Health & Saf. Code § 1796.29) (enacted Sept. 29, 2018, effective July 1, 2019). Plaintiffs not only needed to draft a complaint containing sufficient allegations, but also had to address the misleading insertion of Labor Code § 432.6(f), which exempts already-formed arbitration agreements from the statute without affecting the statute's prohibition on forming those agreements as a condition of employment.

Finally, Defendants fail to confront the practical consequence of their position: the immediate filing of lawsuits challenging any potentially invalid state-law rule—combined with a TRO—in order to avoid later arguments by the State that a plaintiff took too long to sue.

**B. Plaintiffs Are Likely To Succeed In Demonstrating That AB 51 Is Preempted By The Federal Arbitration Act.**

On the merits, Defendants largely repeat the rationales offered by the California Legislature for why AB 51 purportedly survives federal preemption—rationales that Plaintiffs have already refuted in detail. *See* P.I. Mot. 9-13 (ECF No. 5–1). Those arguments did not persuade Governor Brown when he vetoed AB 51's predecessor, and they should not persuade this Court.

To begin with, it is revealing that Defendants rely on a series of *dissents* to suggest that the FAA requires "equal bargaining power" between the parties. Opp. 7. But that is not the law; indeed, the assertion borders on the frivolous. Of course this Court—like all courts—is bound by the *decisions* of the Supreme Court interpreting the FAA, not the dissents. *See DIRECTV, Inc. v. Imburgia*, 136 S. Ct. 463, 468 (2015). In fact, the Supreme Court in recent years has repeatedly upheld arbitration agreements entered into as a condition of employment—rejecting conclusions to the contrary by federal courts in California. For example, the Ninth Circuit decision reversed by the Supreme Court in *Epic Systems* involved arbitration agreements signed "[a]s a condition of employment." *Morris v. Ernst & Young, LLP*, 834 F.3d 975, 979 (9th Cir. 2016), *rev'd*, *Epic Systems*, 138 S. Ct. 1612. And even more recently, in *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407

(2019), the Supreme Court reversed another Ninth Circuit decision involving an arbitration agreement that the plaintiff "sign[ed] as a condition of his employment." *Varela v. Lamps Plus, Inc.*, 701 F. App'x 670, 671 (9th Cir. 2017), *rev'd*, 139 S. Ct. 1407. Those binding precedents squarely foreclose Defendants' position that the FAA has no effect on a state-law rule prohibiting the use of arbitration as a condition of employment.

AB 51 flatly violates Section 2 of the FAA by imposing restrictions on the ability of businesses to enter into arbitration agreements with their workers that do not apply to other types of contracts, including other conditions of employment. After all, nearly any contract term (salary, benefits, and the like) may be a condition of employment or other working relationship *except*, under AB 51, a term that requires a substitute for litigation in court. *See* Mot. 5. As the Supreme Court has put it, States may not "decide that a contract is fair enough to enforce all its basic terms (price, service, credit), but not fair enough to enforce its arbitration clause." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686 (1996) (quoting *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 281 (1995)). AB 51 runs headlong into that principle by treating arbitration, unlike other contractual terms, as an impermissible condition of employment. States lack the power to treat arbitration as a harm to be avoided.

Next, as Defendants concede, AB 51 labels making arbitration agreements a condition of employment as an "unfair hiring practice[]"and makes engaging in that practice a *crime*. Opp. 8; *see* Cal. Lab. Code § 433. Defendants' insistence that AB 51 does not "discourage arbitration" (Opp. 1) makes no sense; the (wholly improper) purpose of the California Legislature was to discourage the formation of workplace arbitration agreements by making it criminal to do so as a condition of employment.

Defendants next repeat the exact semantic legerdemain that *Kindred* rejected when they maintain that AB 51 does not single out arbitration agreements because it prevents the waiver of the right to go to court (and "pursue class actions") in "both arbitration and non-arbitration agreements." Opp. 2 & n.3, 7-8. But "a waiver of the right to go to court" is the "primary characteristic of an arbitration agreement," and Section 2 of the FAA forbids States from "subjecting [arbitration agreements], by virtue of their defining trait, to uncommon barriers."

*Kindred*, 137 S. Ct. at 1427.  As Justice Kagan explained for the Court, any such rule, even if it "avoid[s] referring to arbitration by name," "covertly accomplishes" the impermissible objective of disfavoring arbitration agreements by instead "disfavoring contracts that (oh so coincidentally) have the defining features of arbitration agreements."  *Id.* at 1426 (citing *Concepcion*, 563 U.S. at 341; *Perry v. Thomas*, 482 U.S. 483, 493 n.9); *see also Concepcion*, 563 U.S. at 342-44.  As the U.S. Supreme Court recently reiterated, Section 2's "savings clause does not save defenses that target arbitration either by name *or by more subtle methods*."  *Epic*, 138 S. Ct. at 1622 (emphasis added).  Defendants' attempt to salvage AB 51 cannot be squared with these holdings.

Finally, Defendants try to obscure the issue by pointing out AB 51's language stating that the statute is not "intended to invalidate a written arbitration agreement that is otherwise enforceable under the Federal Arbitration Act."  Opp. 8 (quoting Cal. Labor Code § 432.6(f)).  But defendants do not deny that AB 51 penalizes businesses, including with potential criminal liability, for *forming* an arbitration agreement after the statute goes into effect.  Criminalizing the formation of a federally protected arbitration agreement is preempted just as much as refusing to enforce an arbitration agreement once made.  *See* P.I. Mot. 12 (ECF No 5–1).   A contrary result not only "would make it trivially easy for States to undermine the [FAA]," *Kindred*, 137 S. Ct. at 1428, but directly conflicts with the FAA's objective "to promote arbitration," *Concepcion*, 563 U.S. at 345, by deterring businesses from entering into arbitration agreements as a routine condition of employment.  Accordingly, AB 51 not only violates Section 2, but also is preempted because it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," as expressed in the FAA.  *Id.* at 352 (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941).

**C. Defendants' Arguments On The Remaining Factors Are Meritless.**

Defendants have little to say on the remaining factors supporting entry of a temporary restraining order.  They acknowledge that their argument against Plaintiffs' showing of irreparable harm rests almost entirely on their premise that there is an "absence of any likely FAA preemption."  Opp. 9.  But that premise is wrong for all of the reasons just discussed.

Beyond that, Defendants offer only a single paragraph decrying as "conjecture" and

"opinion" Plaintiffs' detailed showing of the irreparable harms that they and their members will suffer in the absence of emergency relief. *See* Mot. 6-8 (ECF No. 8–1)); P.I. Mot. 13-17 (ECF No. 5–1); Declaration of Brian Maas (ECF No.5–2).[2] Defendants insist that "[n]othing in AB 51 prevents employers and their employees from entering into agreements to arbitrate." Opp. 9. Nothing, that is, except the risk of criminal prosecution. Defendants simply ignore Plaintiffs' showing that the only practical approach to ensure compliance with AB 51 is to cease entering into predispute arbitration agreements altogether, in order to avoid the genuine possibility that a court or one of the Defendants would deem the process for entering into the arbitration agreement insufficiently "voluntary." *See* P.I. Mot. 15 (ECF No. 5–1).

Moreover, Defendants' attempt to downplay the benefits of arbitration as "highly speculative" (Opp. 9) runs headlong into the Supreme Court's repeated recognition of those benefits to businesses and workers alike. *See* Mot. 1-2 (citing *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 122-23 (2001)). That recognition, of course, is embodied in the FAA itself, which Congress enacted to promote arbitration. And Defendants have identified *no* harm whatsoever to *them* that would result from the entry of a TRO for the short period of time until the Court can resolve the preliminary injunction motion.

Finally, Defendants' assertion that enforcement of AB 51 is in the public interest (Opp. 10) is likewise based on their incorrect premise that AB 51 is not preempted by the FAA. Defendants ignore entirely the weight of authority (cited at Mot. 9 (ECF No. 8–1)) explaining that the public interest is always served by enjoining enforcement of invalid provisions of state law.

---

[2] Plaintiffs will separately oppose Defendants' evidentiary objections to the Maas Declaration, Dkt. No. 15.

**CONCLUSION**

The Court should enter a temporary restraining order prohibiting Defendants from enforcing AB 51 pending the resolution of Plaintiffs' motion for a preliminary injunction.

Dated: December 21, 2019    Respectfully submitted,

By:  */s/ Donald M. Falk*
Donald M. Falk (SBN 150256)
Two Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2112
(650) 331-2000
(650) 331-4000 (fax)
dfalk@mayerbrown.com

Andrew J. Pincus (*pro hac vice pending*)
Archis A. Parasharami (SBN 321661)
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
(202) 263-3300 (fax)
apincus@mayerbrown.com
aparasharami@mayerbrown.com

*Counsel for Plaintiffs Chamber of Commerce of the United States of America and California Chamber of Commerce*

Erika C. Frank (SBN 221218)
CALIFORNIA CHAMBER OF COMMERCE
1215 K Street, Suite 1400
Sacramento, CA 95814
(916) 444-6670
erika.frank@calchamber.com

*Counsel for Plaintiff California Chamber of Commerce*

Steven P. Lehotsky*
Jonathan Urick*
U.S. CHAMBER LITIGATION CENTER
1615 H Street, NW
Washington, DC 20062
(202) 463-5337
(202) 463-5346 (fax)
slehotsky@uschamber.com

*Counsel for Plaintiff Chamber of Commerce of the United States of America*

Bruce J. Sarchet (SBN 121042)
Maurice Baskin*
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
(916) 830-7200
(916) 561 0828
bsarchet@littler.com
mbaskin@littler.com

*Counsel for Plaintiffs National Retail Federation, California Retailers Association, National Association of Security Companies, Home Care Association of America, and California Association for Health Services at Home*

*\* Motion for Admission Pro Hac Vice To Be Filed*