ROB BONTA
Attorney General of California
ANYA M. BINSACCA
Supervising Deputy Attorney General
KRISTIN A. LISKA
Deputy Attorney General
State Bar No. 315994
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3916
  Fax:  (415) 703-5480
  E-mail:  Kristin.Liska@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROB BONTA, et al.,**<br><br>Defendants. | Case No. 2:19-cv-02456-KJM-DB<br><br>**STIPULATION REGARDING FINAL JUDGMENT ENTERING PERMANENT INJUNCTION, AWARDING ATTORNEY'S FEES AND DISMISSING ACTION**<br><br>Judge:    The Honorable Kimberly J. Mueller<br><br>Action Filed:  12/09/2019 |

Plaintiffs Chamber of Commerce of the United States of America, California Chamber of Commerce, National Retail Federation, California Retailers Association, National Association of Security Companies, Home Care Association of America, and the California Association for Health Services At Home; and Defendants Attorney General Rob Bonta, Labor Commissioner Lilia Garcia Brower, Secretary Stewart Knox of the California Labor and Workforce Development Agency, and Director Kevin Kish of the California Department of Fair Employment and Housing, in their official capacities, by and through their respective counsel, agree and stipulate as follows:

1. Plaintiffs filed this suit on December 9, 2019 challenging Assembly Bill 51 ("AB 51"). AB 51 provides that an employer "shall not, as a condition of employment, continued employment, or the receipt of any employment-related benefit, require any applicant for employment or any employee to waive any right, forum, or procedure for a violation of any provision of the California Fair Employment and Housing Act or [the Labor Code], including the right to file and pursue a civil action or a complaint with, or otherwise notify, any state agency, other public prosecutor, law enforcement agency, or any court or other governmental entity of any alleged violation." It further provides that an employer "shall not threaten, retaliate or discriminate against, or terminate any applicant for employment or any employee because of the refusal to consent to the waiver of any right, forum, or procedure for a violation of the California Fair Employment and Housing Act or [the Labor Code], including the right to file and pursue a civil action or a complaint with, or otherwise notify, any state agency, other public prosecutor, law enforcement agency, or any court or other governmental entity of any alleged violation." AB 51 also made violation of these procedures an unlawful labor practice.

2. In their complaint, plaintiffs contend that AB 51 conflicts with the Federal Arbitration Act ("FAA") and is thus preempted by federal law and invalid.

3. Plaintiffs filed a motion for a preliminary injunction along with the complaint on December 9, 2019 seeking to enjoin enforcement of AB 51. They subsequently filed a motion for a temporary restraining order on December 16, 2019, seeking to prevent AB 51 from going into effect. After briefing and argument, this Court granted the motion for a temporary restraining

order on December 30, 2019, finding that plaintiffs raised serious questions as to whether AB 51 was preempted by the FAA.

4. The parties moved forward with briefing a motion for a preliminary injunction, and this Court held a hearing on that motion on January 10, 2020.  The Court granted a preliminary injunction on January 30, 2020, holding that plaintiffs were likely to succeed on their claim that AB 51 was preempted by the FAA.  The Court's order enjoined enforcement of AB 51 as to arbitration agreements within the scope of the FAA.

5. Defendants appealed.  The Ninth Circuit held oral argument and on September 15, 2021, it reversed and held that plaintiffs were not likely to succeed in their claim that AB 51 was preempted by the FAA.

6. Plaintiffs filed a petition for rehearing and rehearing en banc.  The Ninth Circuit granted rehearing on August 22, 2022, and the panel vacated its prior decision.  The panel issued a new decision in February 2023 that affirmed this Court's grant of a preliminary injunction, holding plaintiffs were likely to succeed on their claim that AB 51 was preempted by the FAA. Defendants did not seek rehearing in the Ninth Circuit or file a petition for certiorari in the U.S. Supreme Court seeking review of the Ninth Circuit's February 2023 decision.

7. Defendants and Plaintiffs wish to resolve this matter now in light of the Ninth Circuit's February 2023 decision.  The Ninth Circuit's decision affirming the preliminary injunction and holding that AB 51 is likely preempted by the FAA effectively resolves the legal issues presented here.  The parties thus hereby consent to entry of a judgment in favor of Plaintiffs, and to the entry of a permanent injunction and order of dismissal in the form submitted along with this stipulation.

6. Entry of the stipulated permanent injunction and order of dismissal will fully resolve this civil action.

7. The stipulated permanent injunction will be entered under Federal Rule of Civil Procedure 65 and will constitute the final judgment in this matter.

8. Defendants shall pay Plaintiffs the sum of $822,496 for Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in this case.

9.  This Court should retain jurisdiction over this matter for the purpose of implementing and enforcing the final judgment.

Respectfully submitted,

Dated:  December 21, 2023

ROB BONTA
Attorney General of California
ANYA M. BINSACCA
Supervising Deputy Attorney General

*/s/ Kristin Liska*

KRISTIN A. LISKA
Deputy Attorney General
*Attorneys for Defendants*

Dated: December 22, 2023

*/s/Bruce J. Sarchet*

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
(916) 830-7200
(916) 561 0828 (fax)
bsarchet@littler.com

Maurice Baskin, *pro hac vice*
LITTLER MENDELSON, P.C.
815 Connecticut Ave., N.W.
Washington, D.C.
(916)830-7200
mbaskin@littler.com

Dated: December 21, 2023

*/s/ Archis A. Parasharami*

MAYER BROWN LLP
575 Market St., Suite 2500
San Francisco, CA 94105
Telephone:  (415) 874-4230
aparasharami@mayerbrown.com

Andrew J. Pincus, *pro hac vice*
1999 K Street NW
Washington, DC 20006
Telephone:  (202) 263-3220
apincus@mayerbrown.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

Case Name: *Chamber of Commerce of the United States of America, et al. v. Rob Bonta, et al.*

Case No. **2:19-cv-02456-KJM-DB**

I hereby certify that on <u>December 22, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **STIPULATION REGARDING FINAL JUDGMENT ENTERING PERMANENT INJUNCTION, AWARDING ATTORNEY'S FEES AND DISMISSING ACTION**

- **[PROPOSED] ORDER REGARDING PERMANENT INJUNCTION**

I certify that **all** participants in the case are registered CM/ECF users and that electronic service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct.

Executed on <u>December 22, 2023</u>, at San Francisco, California.

| Vanessa Jordan | */s/ Vanessa Jordan* |
|---|---|
| Declarant | Signature |